IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SHEILA BOWMAN,

    Plaintiff,

v.                                                                                  C.A. No.: 3:13-cv-02756-K

IREKA HAMILTON d/b/a ACCESSIBLE
LIVING FACILITY,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, SHEILA BOWMAN by and through her undersigned attorney, and sues the Defendant, IREKA HAMILTON d/b/a ACCESSIBLE LIVING FACILTY for minimum wage and overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

    1.     Plaintiff is an individual who Defendant employed from June 22, 2012 through May 1, 2013 as a home attendant.

    2.     Defendant is an individual, who at all times material to this complaint was Plaintiff's employer as defined by 29 U.S.C. §203(d).

    3.     Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendant's business.

4. Venue is proper in this district under 28 U.S.C. § 1391.

5. During one or more weeks of Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours (overtime hours). Specifically, Plaintiff worked an average of 120 hours per week during her entire employment with Defendant.

6. In one or more weeks of Plaintiff's employment with Defendant in which Plaintiff worked overtime hours, Defendant intentionally failed to pay Plaintiff one and one-half times her regular rate of pay for each overtime hour worked.

7. During one or more weeks of Plaintiff's employment with Defendant, Defendant intentionally failed to pay Plaintiff the federally mandated minimum wage for each hour worked during the workweek. Specifically, Plaintiff was compensated at a rate of $100 to $120 per twenty-four (24) hour period, making her hourly wage range from $4.16 to $5.00 per hour (less than the federally mandated minimum wage of $7.25).

### COUNT I
### (OVERTIME)

8. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 6 above.

9. The acts described in the preceding paragraph violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

10. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

11. Section 216(b) of the FLSA provides that any employer who violates the statute shall be liable for unpaid overtime pay and an additional equal amount as liquidated damages. Therefore, Plaintiff seeks an award of liquidated damages in an equal amount as the amount of unpaid overtime pay.

12. Plaintiff also seeks compensation of the out of pocket expenses and costs of court she will have incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

A)  The Court assume jurisdiction of this cause and that Defendant be cited to appear;

B)  The Court award damages to Plaintiff as specified above;

C)  The Court award reasonable and necessary attorneys' and expert fees and costs;

D)  The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## COUNT II
### (MINIMUM WAGE)

13. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 4 and 7 above.

14. The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation for all hours worked in a workweek.

15. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wage compensation which was not paid and which should have been paid.

16. Section 216(b) of the FLSA provides that any employer who violates the statute shall be liable for unpaid minimum wages and an additional equal amount as liquidated damages. Therefore, Plaintiff seeks an award of liquidated damages in an equal amount as the amount of unpaid minimum wages.

17 Plaintiff also seeks compensation of the out of pocket expenses and costs of court she will have incurred in this action.  Plaintiff is also entitled to reasonable and necessary attorneys fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

A)  The Court assume jurisdiction of this cause and that Defendant be cited to appear;

B)  The Court award damages to Plaintiff as specified above;

C)  The Court award reasonable and necessary attorneys' and expert fees and costs;

D)  The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## COUNT III
## (MINIMUM WAGE-TEXAS MINIMUM WAGE ACT)

18. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 4 and 7 above.

19. This Court has jurisdiction over this claim pursuant to its supplemental jurisdiction found in 28 U.S.C. §1367.

20. The acts described in the preceding paragraphs violate the Texas Minimum Wage Act, Chapter 62 of the Texas Labor Code, which prohibits the denial of minimum wage compensation for all hours worked in a workweek.

21. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wage compensation which was not paid and which should have been paid.

22. Chapter 62.201 of the Texas Labor Code provides that any employer who violates the statute shall be liable for unpaid overtime pay and an additional equal amount as liquidated damages. Therefore, Plaintiff seeks an award of liquidated damages in an equal amount as the amount of unpaid minimum wages.

23. Plaintiff also seeks compensation of the out of pocket expenses and costs of court she will have incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

A) The Court assume jurisdiction of this cause and that Defendant be cited to appear;

B) The Court award damages to Plaintiff as specified above;

C) The Court award reasonable and necessary attorneys' and expert fees and costs;

D) The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all the issues and facts in this case.

Respectfully submitted on this 30th day of September 2013.

**ROSS LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com


_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621

JOHN F. POLEWSKI
Texas Bar No. 16088610
POLEWSKI & ASSOCIATES, P.C.
540 East Pleasant Run Road
DeSoto, TX  75115
(214) 716-4597 Telephone
(855) 867-4455 Facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of September, 2013, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification to the following:

Steven E. Clark
McDole & Williams
1700 Pacific Ave., Suite 1280
Dallas TX 75201

        /s/Charles L. Scalise
        **CHARLES L. SCALISE**